## Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company *v.* Baker, Smith & Company, Appellant.

*Carriers—Consignments—Delivery by mistake—Act of June 8, 1881, P. L. 86.*

In an action of trespass, to recover the value of a certain shipment alleged to have been delivered by mistake, to the defendant by the plaintiff, a common carrier, the case is for the jury and judgment on a verdict for the plaintiff will be affirmed, where the evidence is conflicting as to the circumstances of the delivery.

Argued April 27, 1923.  Appeal, No. 124, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1921, No. 137, on verdict for the plaintiff in the case of Pittsburgh, Cincinnati, Chicago & St. Louis Railroad Company v. Baker, Smith & Company.  Before POR- TER, HENDERSON, TREXLER, KELLER, LINN and GAW- THROP, JJ.  Affirmed.

Trespass to recover the value of a consignment de- livered by mistake.  Before REID, J.

The facts are stated in the opinion of the Superior -Court.

Verdict for plaintiff in the sum of $650 and judgment thereon.  Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*James Balph,* of *R. A. & James Balph,* for appellant.— The defendant having received the shipment in good faith and believing itself entitled thereto, and having paid the freight thereon, and later paid the consignee, there can be no recovery:  Long Island R. Company v. Structural Concrete Company, 110 N. Y. S. 379;  Farm- ers Cotton Oil Company v. Railroad Company, 79 South- ern 387;  Waring v. Penna. R. R. Co., 76 Pa. 491.

*W. B. McFall, Jr.,* and with him *Dalzell, Fisher & Dal- zell,* for appellee.

OPINION BY LINN, J., July 12, 1923:

This is an appeal from judgment for plaintiff in tres- pass under the Act of June 8, 1881, P. L. 86, for damages caused by defendant's wrongfully obtaining from plain- tiff and converting to defendant's own use a shipment of radiators in transit, consigned to a third party.  The only complaint we need consider is the refusal to enter judgment n. o. v.  The consignee was Garden City Fan

390 PITTSBURGH, C. C. & ST. L. R. R. CO. *v.* BAKER, S. & CO.

Opinion of the Court. [81 Pa. Superior Ct.

Company at Pittsburgh. The shipment was delivered there to the Pennsylvania Transfer Company, a local deliverer, which paid the freight, and which, as the verdict establishes, acted for defendant. The court instructed the jury to determine from the evidence whether plaintiff parted with its possession by mistake to defendant, who was not entitled to receive them, or whether the delivery to defendant was authorized; no complaint is made of the charge; there was evidence both ways, which we need not discuss, as it was the duty of the jury and not ours to find the fact; its finding binds us.

Judgment affirmed.